UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jerry Mattio, Jr. | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Delanor, Kemper & Associates, LLC | |
| Defendant. | **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a corporation with its principal place of business in Atlanta, Georgia.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around February 15, 2011, Defendant telephoned Plaintiff and left a voicemail.

1

10- During this communication, Defendant represented that Defendant was a law firm.

11- During this communication, Defendant misrepresented to Plaintiff that Defendant had an affidavit of service of summons and complaint regarding Plaintiff.

12- During this communication, Defendant misrepresented that Plaintiff had until February 21, 2011 to contact Defendant and resolve the situation.

13- During this communication, Defendant threatened to do an asset search for Plaintiff and forward the affidavit to the state attorney general's office in Illinois.

14- During this communication, Defendant misrepresented to Plaintiff that Plaintiff would be served and/or arrested by a local sheriff to appear before the state magistrate about a criminal matter.

15- On or around February 16, 2011, Plaintiff telephoned Defendant.

16- During this communication, Plaintiff notified Defendant that he retained an attorney to file for bankruptcy and provided the attorney's contact information to Defendant.

17- Despite having notice that Plaintiff was represented by and attorney, on or around February 16, 2011, Defendant telephoned Plaintiff.

18- During this communication, Defendant threatened to forward an affidavit for service of summons and complaint to the state attorney general's office unless Plaintiff resolved that matter that day.

19- During this communication, Defendant threatened to have Plaintiff served for a criminal charge and that there would be nothing his attorney could do since a guilty verdict was certain.

20- During this communication, Defendant threateningly stated that "if [Plaintiff[ decided to take the low road, [Defendant] will be there to meet [him]."

21- On or around February 17, 2011, Defendant telephoned Plaintiff.

22- During this communication, Defendant misrepresented that Plaintiff had agreed to resolve the debt that day.

23- During this communication, Defendant misrepresented that Defendant would have an asset search for Plaintiff done within the hour.

24- During this communication, Defendant threatened to forward an affidavit for service of summons and complaint to the state attorney general's office the next day, unless Plaintiff returned Defendant's telephone call that day.

25- During this communication, Defendant misrepresented that Plaintiff would be served within 48 hours and would have to comply with the state magistrate in regards to a criminal action.

26- On or around February 18, 2011, Defendant telephoned Plaintiff.

27- During this communication, Defendant misrepresented that it had completed an asset search for Plaintiff.

28- During this communication, Defendant threatened to forward the matter to "his attorney" in Illinois for processing "through the state attorney general's office" and Plaintiff "should be served by Tuesday."

29- During this communication, Defendant threatened to harm Plaintiff's reputation at his place of employment.

30- During this communication, Defendant threatened to inform Plaintiff's employer that Plaintiff would have a criminal record in 30-45 days unless Plaintiff contacted Defendant to resolve the matter

31- During this communication, Defendant misrepresented that it could get a õwrit of returnö to stop the legal process that had begun against Plaintiff.

## COUNT I

32- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

33- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after having notice that the consumer is represented by an attorney.

## COUNT II

34- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

35- Defendant violated 15 U.S.C. §1692(d)(1) by threatening to harm the person, reputation, or property of my client.

## COUNT III

36- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

37- Defendant violated 15 U.S.C. §1692d(2) by using abusive language during communication with my client.

## COUNT IV

38- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

39- Defendant violated 15 U.S.C. §1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT V

40- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

41- Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the character, amount, and/or legal status of my client's debt.

## COUNT VI

42- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

43- Defendant violated 15 U.S.C. §1692e(3) by misrepresenting yourself as an attorney during communications with my client.

## COUNT VII

44- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

45- Defendant violated 15 U.S.C. 1692e(4) by misrepresenting that non-payment of the debt will result in the arrest or imprisonment of my client.

## COUNT VIII

46- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

47- Defendant violated 15 U.S.C. §1692e(5) by threatening the take action that you cannot legally take.

## COUNT IX

48- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

49- Defendant violated 15 U.S.C. §1692e(5) by threatening to take action that you did not intend to take.

## COUNT X

50- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

51- Defendant violated 15 U.S.C. §1692e(7) by misrepresenting that my client committed a crime.

## COUNT XI

52- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

53- Defendant violated 15 U.S.C. §1692e(10) by using false or deceptive methods to collect a debt from my client.

## COUNT XII

54- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

55- Defendant violated 15 U.S.C. §1692e(11) by failing to disclose that a verbal communication is from a debt collector and that any information obtained will be used to collect a debt.

## COUNT XIII

56- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

57- Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable methods to collect a debt.

## JURY DEMAND

58- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

59- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
1801 Tower Drive, Suite 322
Glenview, IL 60026
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*